## W. T. Hatchett v. Louisville, New Orleans & Texas R. R. Co.

**Eminent Domain — Effect of Judgment and Verdict in.**

> A judgment in an eminent domain proceeding instituted by a Railroad Company to condemn land for railroad purposes gives to Railroad Company the right to deal with the land condemned as they deem most beneficial to it.[1]

Appellee filed its petition in the Chancery Court of Warren county to condemn certain lands of appellant for a right of way. A jury awarded damages, which was paid. Appellee entered and proceeded to cut its surface right of way and also to dig a tunnel by sinking a shaft through the surface of the land and excavating large quantities of earth and depositing it on the surface. Appellant caused the employees of appellee to be arrested for trespassing and gavē notice forbidding it from entering upon said land. Appellant then filed the bill in this case praying for a writ of injunction restraining appellant from in any way interfering with the construction of the railroad and from arresting its employees. Appellee answered the bill and made his answer a cross-bill setting up that appellee acquired no right by virtue of the condemnation proceedings to enter upon the surface of the ground over its tunnel right of way. Appellant made a motion to dissolve the injunction, which was overruled, and he appeals.

---

**1**

The owner can maintain an action for trespass committed outside of the right of way. Brown v. Beatty, 34 Miss. 227.

The owner can maintain action for trespass if the railroad company enters before condemnation of the land in the manner specified in their charter, and paying and tendering the amount of the assessment. M. & C. R. R. Co. v. Payne, 37 Miss. 700; N. O., J. & G. N. R. R. v. Moye, 39 Miss. 374.

Parol license given by the owner is a good defense to an action for trespass against the company. N. O., J. & G. N. R. R. v. Moye, 39 Miss. 374.

The owner of the land can exercise full control over the track or roadway of the railroad company, until the company has paid the amount assessed as dar \ges to the owner. Stewart v. Raymond Ry. Co., 7 S. & M. 568.

Under a charter provision the Railroad Company has the right to condemn land, not only for a roadbed, but in addition, for station-houses, side-tracks, coal shutes, and other facilities. Ewing v. Railway Co., 68 Miss. 551.

APPEALED from Chancery Court of Warren county, COWAN, Chancellor.

Affirmed, April 27, 1885.

*Attorney for appellant, Frederick Speed.*

*Attorneys for appellee, Murray, Smith & Hirsh.*

Brief of Murray, Smith & Hirsh.

The appellee has condemned under authority of its charter, and paid the amount of the judgment, a right of way across the lands of the appellant.   Of the right of way so condemned by appellee, 250 feet was condemned for a tunnel and right of way.   The appellant contends that in constructing its line through this tunnel, and in constructing the tunnel, appellee has no right to make any entry upon the surface of this tunnel right of way, and no right to break the surface of the earth over said tunnel.

The narrow construction or limitation of appellee's rights acquired under said condemnation proceeding, contended for by W. T. Hatchett, are not supported by the law.   A judgment of condemnation is presumed to include all damages not resulting from negligent or unskillful construction of the railroad.

If the appellant has been paid for the acts complained of, and has been awarded a sum sufficient to cover such acts, then he has no right to complain of the Railroad Company for doing them.   At the time that the case or condemnation proceeding was tried before the jury, the tunnel was being constructed, and in the very manner that it was being constructed by the railroad, at the time of the arrest of the laborers.   Hatchett knew of this, and could have introduced witnesses at this point, and did do so (see p. 27), and the law presumes that he was paid for just such damage as he sought to stop by the arrest of the workmen.

" Damage resulting from tearing down fences or expense in construction of new fences, or in fact any damage not resulting from negligent or unskillful construction, is presumed to be included in the assessment."   Mills on Eminent Domain, § 216.

" In assessing damages against a railroad company, all such natural and probable consequences of the works in producing injury as would fairly arise to the mind of an intelligent viewer, must be allowed for."   Pittsburg R. R. v. Gilleland, 56 Pa. St. 445.

" The owner is to have appraised to him all damages which he shall be likely to sustain by the occupation of his land for a railway. This must include not only all direct loss in being deprived of the use of the land taken, but all consequential damages to the remaining lands, which may fairly and reasonably be supposed to have been within the contemplation of the commissioners in making the appraisal." Sabin v. Vermont Cent. R. R. Co., 25 Vt. 368.

The work, as we have shown, was at the time of the trial of the condemnation proceedings being conducted in exactly the same way as it was at the time the appellant, Hatchett, took steps to stop it by arrest and threatened arrests of laborers. Evidence was introduced on this point; the jury in viewing the right of way stopped at the shaft being sunk, and the work was explained to them. This damage must, therefore, be presumed to have been considered by them. If Hatchett has been paid for sinking this shaft, and for laborers walking on the surface of the ground underneath which the tunnel is being constructed, then the railroad has acquired the right to do the acts complained of, and neither it nor the laborers can be deemed and treated as trespassers.

" This, too, must have reference not only to the running of the road, but to all special and peculiar annoyances during the construction of the road."

" It will be presumed that the jurors included every legitimate subject of inquiry." Tucker v. Erie R. Co., 27 Pa. St. 281.

" All damages resulting from the construction of the road to any portions of the land not taken, and being the natural and ordinary consequences of it, for which the owner can claim compensation, are covered by the estimate of the appraisers." Furniss v. Hudson R. R. Co., 5 Sanford, 556.

" In assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the commissioners or jury may take into consideration all incidental loss, inconvenience, and damage, present and prospective, which may be known or reasonably be expected to result from the construction and operation of the road in a legal and proper manner." M., K. & T. R. R. Co. v. Haines, 10 Kan. 442.

On the part of the Railroad Company, it is shown that the tunnel is being constructed by an experienced railroad contractor,

and by and under the supervision of a foreman, skilled and experienced in the construction of tunels.

That the supervision of the whole work is by skilled and experienced civil engineers.

It cannot, therefore, be said that the work is being done in unskillful and negligent manner.

Brief of appellant not found in record.

OPINION.— COOPER, J.:

The bill charges that the company had acquired· a right of way over the land of the defendant; the answer denied that the right of way existed as charged in the bill, but states that the same extended as a right of way on the surface of the land only through a portion of the track, and that through the remainder of it, the company had only secured the right to construct a tunnel under the ground, and that the agents of the company were engaged in constructing a shaft from the surface without any right to do so.

The answer is made a cross-bill and with it is filed as an exhibit, a copy of the petition on which the writ of ad quod damnum was issued.  By this petition, it is stated that the company desired to condemn " a strip of land 100 feet wide and 1,180 feet long, in all two acres, 258 feet of which is for tunnel purposes," and in another clause of the petition, it is stated that 980 feet is for surface right of way, and 250 feet is for tunnel right of way."  Reference is made to a map filed with the petition, but which does not appear with the record.  It will be thus seen, that the question argued by counsel for appellant that the condemnation of the right to construct a tunnel does not confer a right to excavate the surface over the tunnel cannot be considered on the record now before us, for in the absence of a map, and the award of the jury, we cannot say that only a tunnel right was secured by the proceedings to condemn.  If, as the petition prays, a strip 100 feet wide through the whole tract was condemned, the company had the right to deal with it as they deem most beneficial to it, either to make the tunnel or to excavate a cut of the desired depth.

On the facts shown, the decree is right, and it is
*Affirmed.*